**FILED**
**JUL - 1 2005**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ADORNO & YOSS, LLP**
Thomas L. Peterson (Bar No. 392,329)
1000 Vermont Avenue, NW, Suite 450
Washington, DC 20005
Attorneys For Plaintiff
Telephone: (202) 408-5700
Facsimile: (202)408-7677

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

JOSEPH A. FLEMING
    Plaintiff

v.

FORD MOTOR COMPANY
    Defendant

} Civil Action No.
} 
} JURY DEMAND

CASE NUMBER   1:05CV01333
JUDGE: Richard W. Roberts
DECK TYPE: General Civil
DATE STAMP: 07/01/2005

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW the Plaintiff, Joseph A. Fleming, by and through his attorneys of record, and for claims against the Defendant allege and aver the cause of action set forth below:

### I.  PARTIES

1. Plaintiff, Joseph A. Fleming ("Fleming") is a private individual having a mailing address at 4201 East Pinal Street, Catalina, AZ 85739. Fleming has performed any and all prerequisites for bringing and maintaining this action.

2. Upon information and belief, Defendant Ford Motor Company ("Ford") is incorporated in the state of Michigan and has a mailing address at P.O. Box 6248, Dearborn, MI 48126 and a place of business at The American Road, Dearborn, MI 48126. Defendant Ford also has and does do business in the District of Columbia.

## II. JURISDICTION

3. Jurisdiction is properly vested in this Court by virtue of 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Constitution of the United States of American and an Act of Congress relating to Patents; and more particularly, to the Patent Act, 35 U.S.C. §§ 271-297.

4. Jurisdiction is also properly vested in this Court by virtue of the fact that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## III. VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). Defendant transacts business, has regular and established places of business, and /or transacts business at the time the causes of action arose within the District of Columbia.

## IV. FACTS

6. On March 2, 1999, the United States Patent and Trademark Office issued U.S. Patent No. 5,877,677 entitled "Control Of Air Bag Activation In Vehicles By Occupancy Weight" to Plaintiff Fleming (hereinafter, the "677 patent", a copy of which is attached as Exhibit A).

7. The '677 patent is directed to an automotive air bag system and method which restricts activation of an air bag to situations in which the weight of the seat occupant meets or exceeds a specified amount. Limiting air bag activation to such situations for at least the front passenger side of the vehicle is considered by safety experts to be necessary in order to prevent injury to children by deployment of the airbag and to

prevent unnecessary deployment of the air bag when the seat is not occupied by an adult passenger. In fact, U.S. Department of Transportation regulations have required that such a system be installed in all vehicles for the last several years.

8. In addition to preventing injury to children by deployment of the air bag, deployment when the front passenger seat is no occupied leads to unnecessary expense in replacing the air bag when the vehicle is repaired. The air bag system is one of the most expensive systems in a vehicle to install and maintain. Thus, it is important to prevent their deployment when they are not needed.

9. Vehicles manufactures, including Defendant Ford, responded to this requirement with various designs of a pressure switch mounted in the front passenger seat which is suppose to prevent activation of the passenger side air bag below a specified pressure on the seat. Industry designs have largely been unreliable at determining pressure across the entire seat. Pressure switches that do provide the level of reliability required are expensive to manufacture and to install in vehicles.

10. Plaintiff Fleming responded to the industry's need for a reliable and low cost pressure switch with the invention described in the '677 patent.

11. In 1996, Plaintiff Fleming disclosed the invention to Defendant Ford under a non-disclosure agreement. In violation of this agreement and the '677 patent, Ford has appropriated this technology for itself and is using the technology in its vehicles. It appears that Defendant Ford realized the advantages provided by the Fleming technology with respect to reliability and low cost and has illegally adopted the technology as its own.

12.   Defendant's Fords unauthorized use of the technology has caused, and will continue to cause, injury to Plaintiff Fleming.

## V.   COUNT – PATENT INFRINGEMENT

13.   Fleming incorporates by reference paragraphs 1 – 12 set forth above.

14.   Defendant Ford willfully infringed, and continues to infringe, the '677 patent in violation of 35 U.S.C. § 271.

15.   Defendant Ford is, and was at all relevant times, aware of the '677 patent and knowingly, willfully and deliberately disregarded and infringed the patent.

16   Defendant Ford has profited by its infringing activities, and Plaintiff Fleming has been damaged by the infringing acts of Defendant in an amount to be proven at trial, but which amount includes all remedies available under the U.S. Patent Act.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fleming, having asserted a claim for relief, prays for judgment against Defendant Ford as follows:

(1)   Such actual damages as Plaintiff Fleming has sustained as a consequence of Defendant's infringement of the '677 patent, together with all profits of Defendant Ford that are attributable to said infringement and are not taken into account in computing said actual damages, pursuant to 35 U.S.C. § 284.

(2)   Defendant Ford be required to pay Plaintiff Fleming the full cost of this action, including reasonable attorney fees as authorized by 35 U.S.C. § 285.

(3)   This Court award Plaintiff Fleming an assessment of pre-judgment and post-judgment interest on the amount of damages suffered by Plaintiff Fleming.

(4)     This Court temporarily and permanently enjoin Defendant Ford from committing further infringement of the '677 patent.

(5)     This Court award Plaintiff Fleming exemplary damages for Defendant Ford's willful, bad faith, and malicious appropriation of '677 patent.

(6)     For judgment on Plaintiff Fleming's claims, as alleged above in, an amount to be proven at the time of trial;

(7)     This Court award Plaintiff Fleming such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 27 day of June, 2005

ADORNO & YOSS, LLP

Thomas L. Peterson
Bar No. 392,329
Suite 450
1000 Vermont Avenue, NW
Washington, DC 20005
(202) 408-5700