UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH A. FLEMING

           Plaintiff,

v.

FORD MOTOR COMPANY

           Defendant.

_____/

Case No: 1:05CV1333
Judge: Richard W. Roberts

## FORD MOTOR COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Ford Motor Company, ("Ford"), for its Answer and Affirmative Defenses to the Complaint of Joseph A. Fleming ("Fleming"), states as follows:

### I. PARTIES

1. Ford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and on that basis denies each and every allegation.

2. Ford denies that it incorporated in the State of Michigan and that the proper address for its place of business is the "The American Road". Ford admits the remaining allegations contained in paragraph 2.

### II. JURISDICTION

3. Ford admits that the Complaint purports to allege that the Court has subject matter jurisdiction over the claims of the Complaint under 28 U.S.C. §§ 1331 and 1338(a) and that its claims therein allegedly arise under 35 U.S.C. §§ 271-297, but Ford denies any wrongdoing thereunder or otherwise.

4. Ford admits that diversity of citizenship exists between the parties. Ford denies the remaining allegations in paragraph 4.

### III. VENUE

5. Ford admits the venue is proper pursuant to the technical requirements of 28 U.S.C. §§ 1391(b) and (c) and 1400(b). However, this Court is neither an appropriate nor convenient venue for this action.

### IV. FACTS

6. Ford admits that the United States Patent and Trademark Office issued U.S. Patent No. 5,877,677 (the "'677 patent"), entitled "Control of Air Bag Activation In Vehicles By Occupancy Weight" on March 2, 1999, and that Exhibit A purports to be a copy of that patent. Ford denies the remaining allegations contained in paragraph 6.

7. Ford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis denies each and every allegation.

8. Ford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies each and every allegation.

9. Ford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies each and every allegation.

10. Ford lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis denies each and every allegation.

11. Ford denies each and every allegation contained in paragraph 11.

12. Ford denies each and every allegation contained in paragraph 12.

## V. COUNT I – PATENT INFRINGEMENT

13. Ford restates and incorporates by reference its responses to paragraphs 1 through 12 above as if fully set forth herein.

14. Ford denies each and every allegation contained in paragraph 14.

15. Ford denies each and every allegation contained in paragraph 15.

16. Ford denies each and every allegation contained in paragraph 16.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Ford has not infringed, induced, or contributed to the infringement of any claim of the '677 patent.

### Second Affirmative Defense

2. The claims of the '677 patent are invalid for failure to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 or other statutory or regulatory requirements of the U.S. patent laws.

### Third Affirmative Defense

3. The purported claims for relief in the Complaint are barred and/or limited because of lack of proper notice.

### Fourth Affirmative Defense

4. The purported claims for relief in the Complaint are barred and/or limited because of doctrine of intervening rights.

### Fifth Affirmative Defense

5. Fleming lacks proper standing to bring the claims in the Complaint for he does not own or possess an enforceable interest in the '677 patent.

### Sixth Affirmative Defense

6. The purported claims for relief set forth in the Complaint are barred by the doctrine of laches.

### Seventh Affirmative Defense

7. Fleming is estopped from asserting the claims of the '677 patent against Ford.

### Eighth Affirmative Defense

8. Ford reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

## COUNTERCLAIMS

### Nature of the Action

1. Ford brings these counterclaims for a declaratory judgment that the claims of the '677 patent are invalid and not infringed.

### The Parties

2. Defendant and Counterclaimant, Ford, is a Delaware corporation having a principal place of business at One American Road, Dearborn, MI, 48126.

3. Upon information and belief, Plaintiff and Counterclaim Defendant Fleming is a resident of Arizona and resides at 4201 East Pinal Street, Catalina, AZ 85739.

### Jurisdiction

4. This action for a declaration of patent invalidity and noninfringement arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States patent laws, 35 U.S.C. §§ 101, *et. seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

## COUNT I - COUNTERCLAIM FOR PATENT INVALIDITY
(Declaratory Judgment of Invalidity of the claims of the '677 Patent)

5. Ford realleges and incorporates by reference paragraphs 1-4 of the Counterclaim.

6. Fleming filed suit against Ford and alleged in its Complaint that Ford is infringing and/or has infringed the '677 patent. As a result of these allegations and the filing of the lawsuit, Ford has reasonable apprehension that Fleming will continue to assert the claims of the '677 patent against Ford.

7. The '677 patent fails to meet the requirements of the patent laws of the United States, including one or more provisions of 35 U.S.C. §§ 102, 103, and 112 and its claims are therefore invalid.

8. Fleming's actions in asserting that Ford infringes the '677 patent has caused an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 regarding the invalidity of the claims of the '677 patent.

9. Ford is therefore entitled to a declaratory judgment that the claims of the '677 patent are invalid.

## COUNT II - COUNTERCLAIM FOR PATENT NONINFRINGEMENT
(Declaratory Judgment of Noninfringement of the claims of the '677 Patent)

10. Ford realleges and incorporates by reference paragraphs 1-9 of the Counterclaim.

11. Ford has not infringed, induced, or contributed to the infringement of any claim of the '677 patent.

12. Fleming's actions in asserting that Ford infringes the '677 patent has caused an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 regarding the noninfringement of the claims of the '677 patent.

13. Ford is therefore entitled to a declaratory judgment that it has not infringed the claims of the '677 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Ford prays for judgment in favor of it and against Fleming as follows:

A. That Fleming take nothing by way of its Complaint;

B. That the Court declare this case to be exceptional pursuant to 35 U.S.C. § 285, and that Ford be awarded its attorneys' fees and costs incurred in connection with this action;

C. That the Court declare that the claims of the '677 patent are invalid;

D. That the Court declare that Ford has not infringed the claims of the '677 patent;

E. That the Court declare that Ford has caused no harm to Fleming by way of damages or lost profits;

F. That the Court dismiss the Complaint against Ford; and

G. That Ford have such other and further relief as the Court deems proper.

Respectfully submitted,

By: _____
John R. Hutchins
Bar No. 456,749
KENYON & KENYON
1500 K. Street, N.W., Suite 700
Washington, D.C. 20005
Phone: (202) 220-4217

*Attorneys for Defendant and Counterclaimant*
*Ford Motor Company*

Dated November 2, 2005