**ADORNO & YOSS, LLP**
Thomas L. Peterson (Bar No. 392,329)
1000 Vermont Avenue, NW, Suite 450
Washington, DC 20005
Attorneys For Plaintiff
Telephone: (202) 408-5700
Facsimile: (202)408-7677
tpeterson@adorno.com

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. FLEMING<br>    Plaintiff | Civil Action No. 1:05-CV-01333-RWR |
| v. | |
| FORD MOTOR COMPANY<br>    Defendant and Counterclaim Plaintiff | JURY DEMAND |

**PLAINTIFF JOSEPH A. FLEMING'S MEMORANDUM IN OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT FORD MOTOR COMPANY'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(A)**

COMES NOW Plaintiff Joseph A. Fleming ("Fleming") in opposition to Defendant and Counterclaimant Ford Motor Company's ("Ford") Motion To Transfer Under 28 U.S.C. § 1404(A) and respectfully request that the motion be denied or its consideration be held in abeyance pending the filing of Fleming's own motion to transfer this matter to the United States District Court for the District of Arizona.

As the Fleming motion will explain, Defendant Fleming has a gravely ill wife who, according to her doctors, must now be under the care of a family member twenty-four hours a day. A recent downturn in her condition required the installation of a permanent tracheotomy which must be cleaned several times a day in order to keep the

air passage clear so that she can breath. Defendant Fleming is the only family member who can provide the attention required by his wife's condition. The need to attend to his wife will greatly limit the ability of Mr. Fleming to travel to this District or to the Eastern District of Michigan where Ford wishes to have this matter transferred.

The tracheotomy occurred recently and, of course, was not anticipated or expected when the instant civil action was filed in this District.

Turning to the merits of Ford's motion to transfer, Ford's basic logic is that it is a large company with many documents and many local witnesses, including Delphi – another large entity. Thus, according to Ford, its convenience is best served by transferring this matter to its home District primary because it is a large company. This hollow argument is most likely available to Ford in most, if not all of its litigation as few of its adversaries can complete with the likes of Ford in terms of foot print. The argument should fail. Ford is an international company with operations in virtually every judicial district in the United States. It should not be allowed to mandate where it defends itself because it is larger and more far flung than its adversary.

Ford also argues that the instant case should be transferred to the Eastern District of Michigan because Judge Zatkoff there has already adjudicated a patent infringement case involving the accused product. However, little will be gained by having the matter tried before Judge Zatkoff because a different patent is involved. Thus, the infringement issues are necessarily different, the defenses raised by Ford are necessarily difference, and the damages issues are necessarily different. Thus, Judge Zatkoff's prior involvement in a Ford related a patent infringement case does not warrant the transfer of this case as no judicial economy will be realized.

## CONCLUSION

For the above reasons, it is respectfully submitted that Ford's motion to transfer the instant litigation to the Easter District of Michigan should be denied or at least held in abeyance pending consideration of the Fleming motion to transfer to the District of Arizona.

RESPECTFULLY SUBMITTED this 13th day of January, 2006

ADORNO & YOSS, LLP

_____
Thomas L. Peterson
Bar No. 392,329
Suite 450
1000 Vermont Avenue, NW
Washington, DC 20005
(202) 408-5700