# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. FLEMING, } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | Case No. 1:05CV01333 |
| } | |
| FORD MOTOR COMPANY, } | JUDGE: Richard W. Roberts |
| } | |
| Defendant. } | |
| } | |
| } | |

**DEFENDANT AND COUNTERCLAIM PLAINTIFF
FORD MOTOR COMPANY'S REPLY BRIEF IN SUPPORT OF
<u>ITS MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(A)</u>**

**I.     INTRODUCTION**

Mr. Fleming ("Plaintiff"), in opposing the present motion to transfer to the Eastern District of Michigan, in effect concedes the facts and law as set forth in Ford's opening brief, all of which supports transfer to the Eastern District of Michigan. Critically, Mr. Fleming concedes:

- Critical third party witnesses, who will likely be called upon to testify at trial, including the employees of Delphi Corporation, the supplier of the accused product, and Mr. David Fu, the individual Fleming contends stole his invention for the benefit of Ford, reside and work in Michigan.

- This district is inconvenient to Fleming and Ford, neither of which resides in the District of Columbia. All Ford employees who have knowledge about the accused product, namely its design, operation, testing and purchase, reside and work in southeastern Michigan, as do the documents regarding this activity.

- Plaintiff's trial evidence, namely third party witnesses and documents, would not be compromised or unavailable at a trial held in the Eastern District of Michigan.

These facts, alone, demonstrate that this case should be tried in Michigan.

Mr. Fleming, owing to the unfortunate medical condition of his wife, now suggests that he wishes to transfer the present case to Arizona.[1] However, as explained below, and with all due respect and sympathy to Mr. Fleming and the circumstances surrounding his wife's illness, this case still should be transferred to the Eastern District of Michigan, the District among all others with the greatest connection to this dispute.

---

[1] As of the filing of this Reply, Plaintiff has not filed any Motion to Transfer.

## II.     ARGUMENT

The factors that the Court should consider in determining whether and where to transfer a case pursuant to Section 1404(a) are set forth in detail in Ford's opening brief, and are, by and large, not addressed or countered in Plaintiff's opposition paper. While Ford will not belabor each of those factors here, it would be remiss if it did not address the main arguments Plaintiff does set forth.

First, Plaintiff erroneously asserts that Ford, in effect, is simply basing its transfer motion on its large size. Ford is located in the Eastern District of Michigan and, as far as Ford can ascertain, all of its pertinent employees and records reside in Michigan. This factor weighs heavily in favor of transfer to Michigan, and is completely independent of Ford's size. *See Pyrocap Int'l Corp. v. Ford Motor Co.,* 259 F. Supp.2d 92, 97 (D.D.C. 2003). More important, though, is the fact that all of the key third party witnesses (*e.g.*, the Delphi employees that actually designed and manufactured the accused device, and Mr. Fu, who Mr. Fleming asserts misappropriated his invention on behalf of Ford) reside and are subject to the subpoena power of **only** the court in the Eastern District of Michigan. If trial were conducted in any other jurisdiction, including this District, Ford could well be deprived of the opportunity of calling critical witnesses at trial.

Second, Plaintiff questions whether Judge Zatkoff of the Eastern District of Michigan possesses any greater familiarity with the issues of this case than any other court. While Judge Zatkoff is no more familiar with the patent-in-suit than this Court (or any other court), Judge Zatkoff has adjudicated an infringement case brought against this same accused product. Thus, Judge Zatkoff is infinitely more familiar with how the accused product was designed and functions than any other court, and is in a better position to consider whether that product

2

infringes Plaintiff's patent, or was somehow misappropriated by Ford from Plaintiff. Judicial efficiency favors transfer to the Eastern District of Michigan.

Finally, Mr. Fleming's opposition to the present motion indicates that he intends to file a motion to transfer this case to Arizona due to the important medical attention Mr. Fleming's wife requires in Arizona. It is difficult to respond to this point, without having seen Plaintiff's alleged motion. However, it should be noted that this case will not be tried for at least a full year from now, perhaps closer to two years from now. Until that time, the prosecution of this case, whether in Arizona or in Michigan, would not require Mr. Fleming to be away from his wife for any lengthy periods. For instance, regardless of where the case is pending, Mr. Fleming's deposition will occur in Arizona.[2] However, as noted above, a multiplicity of key third party witnesses from Michigan, who would appear at trial in the Eastern District of Michigan, will not be within the subpoena power of the Arizona court, and would be greatly inconvenienced by having to appear either before this Court, or one in Arizona. Consideration of these third party witnesses is paramount, and favors transfer to Michigan, not Arizona.

---

[2] Similarly, Michigan witnesses will be deposed in Michigan, regardless of where this case is pending.

3

## IV.  CONCLUSION

For the foregoing reasons, as well as those set forth in Ford's opening brief, all of the relevant factors militate strongly in favor of transferring this case to the Eastern District of Michigan.  Accordingly, the present motion to transfer should be granted.

Dated January 24, 2005

KENYON & KENYON

By:   \s\ John R. Hutchins
         John R. Hutchins
Bar No. 456,749
1500 K. Street, N.W., Suite 700
Washington, D.C.  20005
Phone:  (202) 220-4217

*Attorneys for Defendant/Counterclaim Plaintiff Ford Motor Company*