**ADORNO & YOSS, LLP**
Thomas L. Peterson (Bar No. 392,329)
1000 Vermont Avenue, NW, Suite 450
Washington, DC 20005
Attorneys For Plaintiff
Telephone: (202) 408-5700
Facsimile: (202)408-7677
tpeterson@adorno.com

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. FLEMING } | |
|     Plaintiff } | Civil Action No. 1:05-CV-01333-RWR |
| } | |
| v. } | |
| } | |
| FORD MOTOR COMPANY } | JURY DEMAND |
|    Defendant and Counterclaim Plaintiff } | |

## PLAINTIFF JOSEPH A. FLEMING'S BRIEF IN SUPPORT
## OF HIS MOTION TO TRANSFER UNDER 28 U.S.C. § 1404

## TABLE OF CONTENTS

I.  INTRODUCTION ……………………………………………..………… 4

II. STATEMENT OF FACTS …………………………………………....………… 4

III. ARGUMENT ……………………………………………………………………. 6

IV. CONCLUSION ………………………………………………………...…… 8

# TABLE OF AUTHORITIES

**Cases**

*Jumpit, AS v. Why ASAP, LLC, 2005 WL 607914, *2 (D.C. 2005) …………….. 6

**Statues**

28 U.S.C. § 1391 …………….…………………………………………..………… 7

28 U.S.C. § 1400 …………….…………………………………………..………… 7

28 U.S.C. § 1404 …………….…………………………………………..………… 4, 6

## I.  INTRODUCTION

Pursuant to 28 U.S.C. § 1404, Plaintiff Joseph A. Fleming ("Plaintiff" or "Mr. Fleming") request transfer of the instant case to the United States District Court for the District of Arizona where the action could have been originally brought. This request is based on a substantial change in circumstances brought about by the recent extreme medical condition of the Plaintiff's wife. The litigation is in its infancy, with little on the merits filed in the case other than answers to the complaint and counterclaims. Defendant and Counterclaimant Ford Motor Company ("Ford") also has before the Court its own motion to transfer to the Eastern District of Michigan. Accordingly, both parties request that the case be transferred.

For the reasons set forth below, the appropriate transfer venue is the District of Arizona.

## II.  STATEMENT OF FACTS

This is a patent infringement case in which Plaintiff has accused Ford of infringing its patent which covers various components of a vehicle air bag control system. Such a system is used in Ford vehicles that are sold throughout the United States, includes this judicial district and the judicial District of Arizona where Plaintiff resides. When the complaint for Ford's infringement was originally filed in this district, there was every expectation that it would be litigated here with the required active participation of Plaintiff Fleming.

Mr. Fleming is the inventor of the patented technology and is the most knowledgeable about the technical aspects of the invention. He also is the most

knowledgeable, other than Ford, of Ford's infringing activity and misappropriation of the technology.

As set forth in the complaint, Mr. Fleming disclosed the invention to Ford in 1996, long before, it appears, that Ford came out with its infringing version of the invention. This disclosure was made to a Mr. David Fu. Mr. Fleming was advised by Ford that Mr. Fu was working on behalf of Ford on air bag projects and that Mr. Fleming should speak to him. Ford now disputes that it knows or ever had a relationship with Mr. Fu. Important here, however, is the fact that Mr. Fleming's active participation in this litigation is central, particularly to the issue of Ford's misappropriation of the patented technology through Mr. Fu.

The unforeseen health circumstances involving Mr. Fleming wife have made it, not only inconvenient, but virtually impossible to fairly litigate his just claims against Ford.

Mrs. Fleming (Jo Ann) was admitted to the hospital on November 21, 2005 and remained in the hospital until December 21, 2005. On or about December 17, 2005, while still in the hospital, Mrs. Fleming underwent a permanent tracheotomy to assist in her breathing. Exhibit A is a copy Mrs. Fleming hospital discharge instructions. The trach and dressings around the insertion point in her throat must be cleaned several times a day in order to keep the air passage clear so that she can breath.

On December 18, 2005, Mr. Fleming traveled to Washington, D.C. to participate in a settlement meeting with Ford and Ford's supplier, Delphi Corporation, the next day - December 19, 2005. He returned to his home near Tucson immediately after the meeting. Note that during the entire trip, Mrs. Fleming was being cared for by the hospital which

made it possible for Mr. Fleming to come to Washington and participate in the settlement meeting.

Upon Mrs. Fleming's discharge from the hospital, it became necessary for a family member to be with her at all times. See Exhibit B, a letter from her attending physician. Mr. Fleming, out of necessity – there being no one else available – became the primary care giver for his wife and is the one who must attend to her on a 24-hour basis.

### III. ARGUMENT

Section 1404 makes clear that "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As Ford acknowledges in its own motion to transfer, a decision to transfer lies within the broad discretion of the district court, citing *Jumpit, AS v. Why ASAP, LLC*, 2005 WL 607914, *2 (D.D.C. 2005).

If the instant litigation is transferred to any venue other than the District of Arizona, grave harm will be caused to Plaintiff as he will not be able to fully and actively participate in the prosecution of his complaint against Ford. The effect of a transfer to the Eastern District of Michigan is most passionately set forth in Exhibit C, a letter from Mr. Fleming to the Court.

Due to his wife's condition, Mr. Fleming will not be able to travel to Michigan where Ford wants to have this case transferred. The practical effect of a transfer to Michigan is to deny Mr. Fleming a fair opportunity to air his grievances with Ford. While it <u>may</u> be possible for Mr. Fleming to leave his wife under the short-term care of a nurse – a few hours here and there, such an arrangement clearly is not possible in situations

6

when he would have to travel long distances requiring overnight stays. The Eastern District of Michigan would be such a situation.

It is unfair to make Mr. Fleming choose between the care of his ailing wife and the pursuit of his legitimate claims against Ford by a transfer of this case to Michigan. By filing its own motion to transfer, Ford impliedly admits that it would not be prejudiced by a transfer of this case to out of this district.

What Ford wants, is for the case to be transferred to its home district. Such a transfer under these conditions would be an extreme miscarriage of justice. Ford has argued that its employees and third parties witnesses, including Mr. Fu, reside in Michigan. Depositions of these witnesses, however, would be taken in Michigan in any event. Should these witnesses be necessary for trial, Ford must make them available in Arizona as a cost of doing business on a national scale.

In fact, the only potential witness that may not be an employee of Ford or its business partner, Delphi, is Mr. Fu. Ford should not be permitted to use as an excuse the convenience of its own employees to dictate where it must answer for its wrongdoing. If that were the case, the large number of employees that are needed to carry on Ford's business would always require that Ford litigation be conducted in its home district, making a mockery of 28 U.S.C. §§ 1391 and 1400. Ford should not be so rewarded.

IV.  **Conclusion**

For the reasons discussed above, it is respectfully requested that this case be transferred to the United States District Court for the District of Arizona.

RESPECTFULLY SUBMITTED this 27th day of January, 2006

                ADORNO & YOSS, LLP

                */s/ Thomas L. Peterson*
                Thomas L. Peterson
                Bar No. 392,329
                Suite 450
                1000 Vermont Avenue, NW
                Washington, DC 20005
                (202) 408-5700

```
RUN DATE: 12/21/05     Arizona Network PCI *LIVE* for V.NUR.AAV            PAGE 1
RUN TIME: 1706                    PATIENT ASSESSMENT
RUN USER: V.NUR.AAV
                          GENERAL DISCHARGE INSTRUCTIONS
```

Patient: FLEMING,JO ANN                                    Age/Sex: 56 F
Account #: VL0000568743                                    Unit #: VL00000935
Admit Date: 11/21/05                                       Location: V.2N
Status: ADM IN                                             Room/Bed: V.228-1
Attending: Holloman, Bill

Will this version be printed for discharge? Y   Does this pt have a CHF diagnosis? N
                       ===MEDICATIONS AND DIRECTIONS===
1. ALBUTEROL 2.5MG PER INHALER EVERY 6 HRS    9.
2. AND EVERY 1HR FOR SHORTNESS OF BREATH     10.
3. ATROVENT 500MCG PER INHALER EVERY 6 HRS   11.
4. AND EVERY 1HOUR AS NEEDED FOR SHORTNESS   12.
5. OF BREATH                                 13.
6. COUMADIN 2MG TABLETS- TAKE 3 TABLETS BY   14.
7. MOUTH DAILY ALTERNATE WITH 2 TABLETS BY   15.
8. MOUTH DAILY.                              16.
                  **** RN Completed Medication Reconciliation? **** Y
                       ===DISCHARGE PAIN EVALUATION===
        Patient Pain Goal (Enter number 0-10) 0
   Pain Intensity at Discharge (Enter number 0-10) 3    with medication ? Y
Other interventions for managing pain at home. 1)
                                               2)
Pain Comment:
   :
        Medication RX and Rightway provided? Y
        Right Way Handouts Given (free text)
   :
   :
   :
   :
   :

                       ===ACTIVITIES OF DAILY LIVING===
Any restrictions to ADL'S? Y
   Walking: ACTIVITIES AS TOLERATED, ALTERNATE WITH PERIODS OF REST
   Bathing: AS TOLERATED WITH ASSIST
   Lifting: NO HEAVY LIFTING
 Exercises: AS PER MD INSTRUCTION
   Driving: NONE
      Diet: FINELY CHOPPED WITH NECTAR THICK LIQUIDS PER SPEECH THERAPY
     Other:
                       *===IV ACCESS/PRECAUTIONS===
        * At Discharge, R.N. must discontinue IV or clarify order with M.D.*
         IV? N  Type:
         <Special Instructions>
       : CALL DR. FOR ANY CHANGES OR CONCERNS. FOLLOW SPEECH THERAPY FOR SWALLOW
       : INSTRUCTIONS. TRACH CARE AS PER MD, NURSING AND RESPIRATORY INSTRUCTIONS.
       : FOLEY CARE AS INSTRUCTED. REFER TO SPEECH THERAPY HANDOUTS.
       :
       :
       :

Call the following Doctor's office - for follow-up visit(s)
Primary Physician: RASRO       Rash,Robin            Phone: (520)825-2520
       Comment: FOLLOW UP WITHIN 1-2 WEEKS.
       Surgeon:                                      Phone:
       Comment:

*Exhibit A* (handwritten)

```
RUN DATE: 12/21/05      Arizona Network PCI *LIVE* for V.NUR.AAV           PAGE 1
RUN TIME: 1700                     PATIENT ASSESSMENT
RUN USER: V.NUR.AAV
                           GENERAL DISCHARGE INSTRUCTIONS

Patient: FLEMING,JO ANN                                    Age/Sex: 56 F
Account #: VL0000568743                                    Unit #: VL00000935
Admit Date: 11/21/05                                       Location: V.2N
Status: ADM IN                                             Room/Bed: V.228-1
Attending: Holloman, Bill
```

Will this version be printed for discharge? Y   Does this pt have a CHF diagnosis? N
                           ===MEDICATIONS AND DIRECTIONS===
1. BACTRIM 1 TAB BY MOUTH EVERY 12 HOURS     9. GABAPENTIN 300MG BY MOUTH THREE TIMES
2. MINOCIN 100MG BY MOUTH 2 TIMES PER DAY   10. PER DAY
3. PREDNISONE 10MG BY MOUTH DAILY WITH FOOD 11. PROPASS PKT 1PKT THREE TIMES PER DAY
4. BISCODYL 10MG RECTALLY AT BEDTIME        12. PRILOSAC 30MG BY MOUTH EVERY MORNING
5. POTASSIUM 20 MEQ BY MOUTH DAILY WITHFOOD 13. SYNTHROID 0.05MG BY MOUTH DAILY
6. OXYCODONE HCL 5-10MG BY MOUTH EVERY 6    14. ACETAMINOPHEN RECTALLY 650MG EVERY 4 HRS
7. HRS AS NEEDED FOR PAIN                   15. AS NEEDED FOR FEVER OR HEADACHE
8. OXYCONTIN 20 MG BY MOUTH EVERY 12 HOURS  16.
                     **** RN Completed Medication Reconciliation? ****
                          ===DISCHARGE PAIN EVALUATION===
        Patient Pain Goal (Enter number 0-10) 0
   Pain Intensity at Discharge (Enter number 0-10) 0    with medication ? Y
 Other interventions for managing pain at home. 1)
                                                2)
Pain Comment:
         :
         Medication RX and Rightway provided?
         Right Way Handouts Given (free text)
         :
         :
         :
         :
         :
         :
                          ===ACTIVITIES OF DAILY LIVING===
        Any restrictions to ADL'S?
            Walking:
            Bathing:
            Lifting:
          Exercises:
            Driving:
               Diet:
              Other:
                          *===IV ACCESS/PRECAUTIONS===
         * At Discharge, R.N. must discontinue IV or clarify order with M.D.*
             IV?      Type:
           <Special Instructions>
         :
         :
         :
         :
         :
         :
Call the following Doctor's office - for follow-up visit(s)
Primary Physician:                                         Phone:
         Comment:
         Surgeon:                                          Phone:
         Comment:

                                                    888-7546
                                                    Barbara



Randall E. Doner, M.D.
Robin R. Rash, M.D.
Norris E. Dunevant, M.D.

1/24/06

To whom it may Concern:

Patient, Jo A. Fleming, D.O.B. 9/5/49 is required to have a family member with her at all times. Her Husband Joseph Fleming is her primary caregiver.

Sincerely,

Robin R. Rash, M.D.

FAXED

Exhibit B

1521 E. Tangerine Road, Suite 201 • Oro Valley, AZ 85737
Fax 520-825-2501 • Phone 520-825-2520

01/13/06                    Air Bag                  Exhibit C

**Honorble Judge Roberts**

My name is Joseph Fleming. I an currently involved in case #1;05-cu-1333 rwr with Ford Motor Co. They are requesting the case be transferred to Detroit. My attorney Mr Tom Peterson is submitting papers showing my wifes illness and to try to send it to Tucson. The papers are from the hospital but I don't know how clear they will be. A judge from here suggested I fax you a short letter.

Two years ago, my wife aquired a staff infection, she is now parallized from the neck Down shehas mersa blood infection. her latest surgery was a trak put in her neck that will remain always. She has to be suctioned several times daily. She lives on oxygen.

A flamily menber has to be with her 24 hrs a day

If Ford Motor CO is sussesful in transferring this case to detroit I don't see how I can get a fair trial. I can not spend any time there.

I beg you to read this with compassion and keep it in mind when making your choose.

Joseph Fleming
4201 e. Pinal
Catalina Az 85739
520-850-5047
520-825-9220

*[signature]*                    Page 1