**ADORNO & YOSS, LLP**
Thomas L. Peterson (Bar No. 392,329)
1000 Vermont Avenue, NW, Suite 450
Washington, DC 20005
Attorneys For Plaintiff
Telephone: (202) 408-5700
Facsimile: (202)408-7677
tpeterson@adorno.com

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. FLEMING } | |
|    Plaintiff } | Civil Action No. 1:05-CV-01333-RWR |
| } | |
| v. } | |
| } | |
| FORD MOTOR COMPANY } | JURY DEMAND |
|    Defendant and Counterclaim Plaintiff } | |

**PLAINTIFF JOSEPH A. FLEMING'S MEMORANDUM IN REPLY TO
DEFENDANT AND COUNTERCLAIM PLAINTIFF FORD MOTOR
COMPANY'S OPPOSITIONS TO MOTION TO TRANSFER**

## **TABLE OF CONTENTS**

I.    **INTRODUCTION** …………………………………………..………… 4

II.   **STATEMENT OF FACTS** ………………………………...………… 4

III. **ARGUMENT** ……………………………………………………………. 5

IV. **CONCLUSION** ……………………………………………...…… 8

# TABLE OF AUTHORITIES

**Cases**

*Jumpit, AS v. Why ASAP, LLC, 2005 WL 607914, *2 (D.C. 2005) …………….. 7

**Statues**

28 U.S.C. § 1404 ………………….…………………………………….………. 6, 7

I.  **INTRODUCTION**

Plaintiff Joseph A. Fleming ("Plaintiff" or "Mr. Fleming") reiterates his request that the instant case be transferred to the United States District Court for the District of Arizona where the action could have been originally brought.

While unusual in that it is Plaintiff who is requesting a transfer from the district in which it first filed, the request is based on a substantial change in circumstances on the part of Plaintiff. These changed circumstances are ones which were not foreseen and could not have been foreseen when this lawsuit was first filed. The interests of justice require that this case be transferred to Arizona, not to Michigan.

II.  **STATEMENT OF FACTS**

As pointed out in Plaintiff's opening memorandum, this is a patent infringement case in which Plaintiff has accused Ford of infringing his patent which covers various components of a vehicle air bag control system. Ford does not dispute that the accused system is sold throughout the United States, includes this judicial district <u>and the judicial District of Arizona where Plaintiff resides</u>. Plaintiff also accuses Ford of misappropriation of the technology which is the subject of the patent.

The misappropriation began when Plaintiff disclosed the technology to a Mr. David Fu. Plaintiff had been advised by Ford that Mr. Fu was working on Ford's behalf on air bag projects and that Mr. Fleming should speak to him. These disclosures were made to Mr. Fu/Ford from Plaintiff's home in Arizona. Thus, it is clear that this litigation could have been brought in the United States District Court for the District of Arizona.

**III.   ARGUMENT**

As mentioned above, Ford does not dispute the fact that Ford products that are accused of infringing the patent-in-suit are used, offered for sale and sold in Arizona. Moreover, all of the disclosures of information which Plaintiff believes lead to Ford's misappropriation were made from Plaintiff's home in Arizona. Thus, Ford is plain wrong when it asserts that no "acts related to the controversy occurred in Arizona." See Ford's opposition memorandum at page 1, first bullet point.

Ford's opposition to a transfer of this case to Arizona is based largely on make weight arguments related to supposed third party witnesses in the person of David Fu and Delphi for Ford's own convenience.

**David Fu**

Ford has disclaimed any relationship with David Fu and has said that it has no knowledge of him and that Mr. Fu was at no time an employee of Ford nor was he ever a consultant to Ford. But Ford uses this person, whom its claims not to know exist, as a reason to transfer this case to Michigan. However, it is Plaintiff who has the more substantially interest in Mr. Fu being available to testify at trial. Plaintiff is content to preserve his trial testimony by deposition if for some reason Mr. Fu is not available for a trial in Arizona. Accordingly, Ford's heavy reliance on Mr. Fu as a reason to move this case to Michigan should be given no weight.

**Delphi Corporation**

Delphi Corporation is the alleged supplier of the product which Ford installs in vehicles which are accused of infringing the patent-in-suit. Ford clearly has a contractual relationship with Delphi for the purchase of the supplied products. Although there has

been no discovery on the point, it is more than apparent that Delphi is obligated to defend Ford and/or to indemnify Ford for any patent infringement judgment resulting from a system which Delphi supplies to Ford. Thus, there is little likelihood that Ford will have any problems whatsoever in compelling Delphi's attendance in any judicial district in which Ford is required to appear over a Delphi supplied system, as is the case here. In fact, Delphi has a vested interest in making itself available, whenever and wherever, in defense of Ford. Thus, Ford's argument that it will be prejudiced by the case not being transferred to Michigan because of Delphi is completely baseless.

Ford also discounts the importance of Plaintiff being able to personally care for his ailing wife. Caring for his wife is more than Plaintiff's desire, it is the express medical instruction from her doctor. See Exhibit B in support of Plaintiff's motion to transfer. Plaintiff is the only family member that can tend to her in her present condition.

As plaintiff has already pointed out, the only potential witness that may not be under the control of Ford or Delphi, with which it has a close business relationship with Ford, is Mr. Fu. Plaintiff is not aware of any other witnesses that may be material to this case, and Ford has not identified any. Ford has essentially based its entire opposition to a transfer of this case to Arizona, and to Michigan instead, on the convenience of its own and Delphi's witnesses. Every argument that Ford has made in support of a transfer to Michigan could be made in virtually every case in which Ford is involved.

Section 1404 of 28 U.S. makes it clear that "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As Ford acknowledges in its own motion to transfer, a decision to transfer lies within the broad

6

discretion of the district court, citing *Jumpit, AS v. Why ASAP, LLC*, 2005 WL 607914, *2 (D.D.C. 2005).

Like any corporation, Ford acts through actors. And because of its size and relationships with many suppliers, there are many such actors. Ford is not entitled to read out of Section 1404(a) the "in interest of justice language" and use as an excuse to transfer the case to Michigan the convenience of its own and Delphi's employees.

This case could have been originally brought in Arizona where acts of patent infringement have occurred and continue to occur. While Ford has denied that it infringes the patent-in-suit, it has not, and can not, deny that the same vehicle models that its sells in this District which are charged with patent infringement also are sold in Arizona.

In its opposition, Fords argues that the Michigan, not Arizona, is the location where Plaintiff's claim allegedly arose. That clearly is not true. The acts of patent infringement that Ford is accused of occurred in this District as well as the District of Arizona. Moreover, Ford's misappropriation through Mr. Fu had its origins in Arizona. Clearly Michigan is not the source location of Plaintiff's claims.

Ford also argues that Michigan law may become important in this case. To the same extent, Arizona law may become important as well. In either case, federal courts are accustomed to applying the laws of states in which they do not when necessary to do so. The possibility of Michigan law being material in this matter does not suggest that the case should be transferred to Michigan.

Ford also compared the relative court dockets between Michigan and Arizona. The eight months earlier likelihood of trial noted by Ford is not relevant for a patent infringement case. Patent cases tend to take far longer to reach trial than the average civil

case, having nothing at all to do with the district in which the case is being heard. For example, it is very likely that Ford will ask that the litigation be stayed while it seeks re-examination of the patent-in-suit in the Patent Office. Thus, the docket times frames cited by Ford are not particularly relevant for patent infringement cases.

Ford is an international company doing business on an international scale. It should not be allowed to dictate where it must answer for its wrongdoing. The ends of justice can only be met by transferring this case to Arizona where Ford's wrongdoing occurred and where it could have been originally filed. To do otherwise would deny Plaintiff his day in court in light of the medical condition of his wife.

### IV.  Conclusion

For the reasons discussed above, it is respectfully requested that this case be transferred to the United States District Court for the District of Arizona.

RESPECTFULLY SUBMITTED this 13th day of February, 2006

ADORNO & YOSS, LLP

__signed Thomas L. Peterson_____

Thomas L. Peterson
Bar No. 392,329
Suite 450
1000 Vermont Avenue, NW
Washington, DC 20005
(202) 408-5700