UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
JOSEPH A. FLEMING,            )
                              )
    Plaintiff,                )
                              )
    v.                        )   Civil Action No. 05-1333 (RWR)
                              )
FORD MOTOR COMPANY,           )
                              )
    Defendant.                )
_____)
```

**MEMORANDUM OPINION AND ORDER**

In this patent infringement case, plaintiff Joseph A. Fleming and defendant Ford Motor Company ("Ford") have each moved for transfer of venue.  Plaintiff, having first selected this venue, now seeks to transfer venue to the District of Arizona. Defendant urges transfer to the Eastern District of Michigan. Because access to sources of proof at trial may well be compromised if this action is not transferred to the Eastern District of Michigan, defendant's motion will be granted and plaintiff's motion will be denied.

BACKGROUND

Fleming is an inventor of a device described in U.S. Patent No. 5,877,677, issued March 2, 1999.  Fleming's complaint alleges that in 1996 he disclosed his invention to Ford pursuant to a non-disclosure agreement and that Ford wrongfully appropriated the information disclosed and is using it in Ford products. Fleming asserts a claim under 35 U.S.C. § 271 (2000) for patent

infringement and seeks, in addition to ordinary damages and attorneys fees, exemplary damages for Ford's allegedly willful, bad faith and malicious appropriation of Fleming's patent.  In a letter between the parties' counsel, Fleming identified David Fu as the Ford employee to whom Fleming, by telephone and letter, made the allegedly protected disclosures.

Ford denies that Fu was ever an employee and denies that it misappropriated any information disclosed by Fleming.  Ford further asserts that it did not design, develop, or manufacture the product that Fleming asserts infringes his patent (the "accused product"), but acquired the accused product from Delphi Corporation, which designed, developed, manufactures and sells it.  United States Patent No. 5,848,661, dated December 15, 1998, identifies David T. Fu as the inventor of a device that is in the same field of technology and application as is the accused product, identifies Lear Corporation of Southfield, Michigan as the assignee of the patent, and identifies Rochester Hills, Michigan as Fu's residence.  Ford's principal place of business and headquarters is Dearborn, Michigan, but Ford also has significant business contacts in Arizona.  Delphi Corporation, a non-party, has headquarters in Troy, Michigan.  All of these Michigan locations are within the Eastern District of Michigan.

Fleming resides in Arizona with his wife, who is paralyzed below the neck and not a party to this suit.  After selecting

this venue, Fleming's wife underwent a tracheotomy in December 2005 to allow her to breathe.  The tracheostomy requires suctioning and cleaning as needed around the clock to keep it clear for proper passage of air and to keep it clean to prevent infection.  Fleming asserts that she must be attended by a family member twenty-four hours a day and that he is the only person available.

## DISCUSSION

A court may "for the convenience of the parties and witnesses, in the interest of justice" transfer the case "to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The party seeking the transfer bears the burden of proving that the transfer is warranted.  DeLoach v. Philip Morris Cos., Inc., 132 F. Supp. 2d 22, 24 (D.D.C. 2000). Here, where both parties seek a transfer, both have assumed the burden of persuasion.  The threshold question in a § 1404(a) determination is whether the action might have been brought in the proposed transferee district.  In an action such as this, where jurisdiction is not founded solely on diversity of citizenship and where there is only one defendant, the action may be brought where the defendant resides, see 28 U.S.C. § 1391(b)(1), or where a substantial part of the events giving rise to the action occurred.  See 28 U.S.C. § 1391(b)(2).

If the action might have been filed in the proposed transferee district, then a court considers and balances case-specific factors, including the public interest as well as the private interests of the parties and witnesses. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988); Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). The private interests courts typically consider include (1) the plaintiff's choice of forum, (2) the defendants' choice of forum, (3) the convenience of the parties, (4) where the claim arose, (5) the convenience of the witnesses, and (6) the ease of access to sources of proof. See Trout Unlimited, 944 F. Supp. at 16. Public interest factors courts typically consider, if relevant, include (1) the transferee court's familiarity with governing law, (2) the relative congestion of the courts involved, and (3) the local interest in deciding local controversies at home. See id. Ultimately, if the balance of private interests and public interests favors transfer of venue, then the transferor court has discretion to permit a transfer.

I.  THRESHOLD QUESTION

Ford, the only defendant, is a resident of both Michigan and, because of its significant contacts in the state, Arizona. "[A] corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction . . . ." 28 U.S.C. § 1391(c). Thus, under 28 U.S.C. § 1391(b)(1), the

-5-

action could have been filed in either of the two proposed transferee districts – – the District of Arizona or the Eastern District of Michigan.  In addition, the action conceivably could have been brought in either proposed transferee district under 28 U.S.C. § 1391(b)(2).  It is arguable that a substantial part of the events giving rise to this suit occurred both in Arizona, where Fleming was when he spoke by telephone to Fu and from where he sent the letter to Fu, and in the Eastern District of Michigan, where Fu received Fleming's communications, allegedly on behalf of Ford.

II.  PRIVATE INTERESTS

Some of the parties' private interest considerations – – the parties' forum choices and the convenience of the parties – – are roughly balanced.  Had Fleming originally filed this action in his home district and Ford sought the transfer, Fleming's choice of forum would have been entitled to some deference, "[b]ut this deference is weakened when the plaintiff is not a resident of the chosen forum."  Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136, 141-42 (D.D.C. 2004) (citation omitted).  Fleming filed outside his home district, both parties have moved for a change of venue, and each party bears the burden of demonstrating that transfer to its preferred district is warranted in preference to the other's.  And, no matter which district is selected, one party will be inconvenienced by the time and expense involved in

-6-

traveling to court hearings and trial.  For Ford, this inconvenience would include the added cost of lost time from work of its employees who would have to travel to the District of Arizona for court appearances.  For Fleming, the inconvenience would include the additional expense of paying someone to care for his wife while he was away in Michigan.

The two proposed districts, however, are not equivalent with respect to where the bulk of the events giving rise to the claim occurred, or to the convenience of the non-party witnesses, or to access to sources of proof.  The communications between Fleming and Fu occurred in both Arizona and in the Eastern District of Michigan, but more of the events – – Ford's selection, acquisition, and use of the accused product – – occurred in the Eastern District of Michigan.  To prove and defend the infringement case, the parties will depend on experts and persons with technical understanding of the accused product, including certain Ford and Delphi employees.  To prove and defend the malicious conduct allegations, the parties will rely primarily on the testimony of Fleming, Fu, and Ford and Delphi employees with knowledge of how Ford selected and acquired the accused product.  All these witnesses except Fleming reside in Michigan, which is where they would be deposed, regardless of which district will receive the transfer of this case.  A transfer to the Eastern District of Michigan would minimize their inconvenience.  More

-7-

importantly, Fu and the Delphi employees are non-party witnesses who would be subject to the subpoena power of the district court in the Eastern District of Michigan, but not to the subpoena power of the district court for the District of Arizona.  See Fed. R. Civ. P. 45(b)(2) ("[A] subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.").  This factor is important in this case, as proof of this action may well depend upon the credibility of the testimony of non-party witnesses who would not be subject to compulsory process if this case were transferred to the District of Arizona.  Fleming has stated that he is willing to assume the risk of being unable to subpoena Fu should this case proceed to trial, but that is not enough.  Ford has as much right as Fleming does to the in-person testimony of Fu and other non-party witnesses, and this court has an obligation to ensure to the extent possible a fair trial on the merits.  The transfer statute permits a transfer only "in the interest of justice."  28 U.S.C. § 1404(a).  It would not serve the interest of justice to transfer a case to a venue where one or more of the key witnesses – – in a matter that may well turn on the credibility of those witnesses – – is beyond the reach of the court's compulsory process.

-8-

III. PUBLIC INTERESTS

Public interests to be considered in a transfer motion include the relative congestion of the courts, the familiarity of the court with the governing law, and the local interest in deciding local controversies locally.  See Trout Unlimited, 944 F. Supp. at 16.  Court statistics reflect that, on average, civil cases in the Eastern District of Michigan proceed to trial more rapidly than they do in the District of Arizona, possibly suggesting that the courts in the former district may be less congested.  Because Fleming alleges that his disclosures to Fu were protected by a non-disclosure agreement that was breached, the court hearing this matter may need to apply Michigan's law of contracts.[1]  The court for the Eastern District of Michigan is more likely to be familiar with Michigan law than is the court for the District of Arizona.[2]  To the extent that this action

---

[1] The non-disclosure agreement is not in the record.  In deciding contract conflicts of law, in the absence of any specific contract provision, both Arizona and Michigan follow the relevant contacts approach of the Restatement (Second) of Conflict of Laws, § 187.  See Swanson v. The Image Bank, Inc., 77 P.3d 439, 443-44 (Ariz. 2003); Chrysler Corp. v. Skyline Indus. Servs., Inc., 528 N.W.2d 698, 703 (Mich. 1995).  Based on the information available in the record at this point, it appears more likely that Michigan law, as opposed to Arizona law, would be applied because the transaction and parties involved have a greater number of relevant contacts with Michigan than with Arizona.

[2] Ford's suggestion that the court in the Eastern District of Michigan is likely to be more familiar with the accused product, because one judge there recently presided over a patent infringement case involving the accused product, is not

-9-

represents a local controversy, local interest is centered not the District of Arizona but in the Eastern District of Michigan, where most of the events involving the accused product occurred. Thus, the public interest factors also weigh in favor of transfer to the Eastern District of Michigan rather than to the District of Arizona.

## CONCLUSION AND ORDER

The interest of justice requires that this matter be tried where the credibility of important non-party witnesses may be assessed in person by the fact-finder.  In order to ensure that compulsory process is available to secure important non-party testimony, and in order to maximize the convenience of the non-party witnesses, this action will be transferred to the United States District Court for the Eastern District of Michigan.  Accordingly, it is hereby

ORDERED that defendants' motion to transfer venue (Dkt. 7) to the United States District Court for the Eastern District of Michigan be, and hereby is, GRANTED.  It is further

ORDERED that plaintiff's motion to transfer venue (Dkt. 15) to the United States District Court for the District of Arizona be, and hereby is, DENIED.

---

persuasive.  Given the random assignment of cases to judges, the chances that the same judge would receive this case are too uncertain to support a claim of judicial familiarity with the issues involved.

-10-

The Clerk of the Court is directed to transfer this case accordingly.

SIGNED this 7th day of March, 2006.

                                                           /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge